Plaintiff's Name DARRELL COURTNEY
Inmate No. J-94495
Address P.O. BOX 290066
REPRESA, CALIFORNIA 95671

1ST AMENDED COMPLAINT

RECEIVED
MAY -1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRELL COURTNEY
(Name of Plaintiff)

vs.

R. MOUSER, Correctional Officer,
J. JOHNSON, Correctional Officer
(Names of all Defendants)

CV-08-1791
(Case Number)

COMPLAINT  AMENDED

Civil Rights Act, 42 U.S.C. § 1983

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A. Have you brought any other lawsuits while a prisoner? Yes ___ No ✓

B. If your answer to A is yes, how many? NONE
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff _____N/A_____

Defendants _____N/A_____

2. Court (if Federal Court, give name of District; if State Court, give name of County)
_____N/A_____

3. Docket Number __N/A__    4. Assigned Judge __N/A__

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
_____N/A_____

6. Filing date (approx.) __N/A__    7. Disposition date (approx.) __N/A__

1

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant R. MOUSER & J. JOHNSON is employed as CORRECTIONAL OFFICERS at PELICAN BAY STATE PRISON.

B. Additional defendants (WRITTEN UP TO BOTH DEFENDANTS)

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

ON 8-15-07 AT APPROXIMATLY 6:30 AM CORRECTIONAL OFFICER MOUSER AND CORRECTIONAL OFFICER J. JOHNSON WAS CONDUCTING THIER DUTIES, FEEDING THE UPPER TIER, WHEN C/O R. MOUSER REACHED MY CELL DOOR (I ASKED HIM, WHAT WERE WE HAVING?) OFFICER MOUSER SUDDENLY BECAME ENRAGED, AND PROCEEDED TO THROW MY BREAKFAST MILK THREW THE TRAY-PORT OFFICER R. MOUSER THEN BEGAN TO REACH THREW MY TRAY PORT GRABBING ME BY MY SHIRT OFFICER J. JOHNSON THEN PROCEEDED TO ASSIST HIM IN HIS ASSAULT AGAINST ME, CAUSING ME TOO BE STRETCHED ON MY STOMACH LEAVING A LONG SCAR ACROSS MY STOMACH, CAUSING ME TO HAVE TO BE SEEN BY NURSING STAFF (SEE 7219)

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

FOR USE OF EXCESSIVE FORCE I, D. COURTNEY ASK FOR MONETARY, PUNITIVE AND DECLARATORY DAMAGES IN THE SUM OF $200,000.00 IN MONETARY DAMAGES AND 25,000.00 IN PUNITIVE DAMAGES, AND 25,000.00 IN DECLARATORY DAMAGES ALSO A DEMAND FOR A TRIAL BY A JURY.

I declare under penalty of perjury that the foregoing is true and correct.

Date 4-24-08          Signature of Plaintiff [signature]

(revised 9/17/03)

3

II. **Exhaustion of Administrative Remedies**

A.  Is there an inmate appeal or administrative remedy process available at your institution?

    Yes ✓  No ___

B.  Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

    Yes ✓  No ___

    If your answer is no, explain why not __FULL EXHAUSTION OF ADMINISTRATIVE REMEDIES ARE STILL IN PROGRESS. PER. BOOTH V. CHURNER 532 U.S. 731, 741 (2001) AND SEE ALSO MCKINNEY V. CAREY 311 F.3d 1198, 1999 (9TH CIR. 2002)__

C.  Is the process completed?

    Yes ___    If your answer is yes, briefly explain what happened at each level.
    __PROCESS IN FULL IS INCOMPLETE, SECOND LEVEL RESPONSE PENDING__

    No ___    If your answer is no, explain why not.
    __N/A__

NOTICE: Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process **before** filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you **must** exhaust the process before filing suit. Booth, 532 U.S. at 734.

2

Darrell Courtney
CSP-SX
PO Box 290066
Represa, CA 95671

<u>WRIT OF CERTIORARI</u>

UNITED STATES DISTRICT COURT
OF NORTHERN CALIFORNIA

Darrell Courtney
  Plaintiff,

vs.

Correctional Officers
R. Mouser & J. Johnson
  Defendants.

CASE NO. CV-08-1791

DEMAND FOR JURY TRIAL
BY
PLAINTIFF.

I (come) now a Plaintiff in the above and entitled to this Court, my complaint is Correctional Officers R. Mouser and J. Johnson of Pelican Bay State Prison, for use of excessive force.

I have filed two inmate/parolee appeals, and to no avail, Pelican Bay appeals coordinator refuses to respond to my complaint against its staff members.

1.

And according to Booth V. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 928 (2001) But what can be done if the Petitioner/Plaintiff isn't allowed to fully exhaust his administrative remedies? And yes, its well known that proper exhaustion demands compliance with CDCR and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure of, or on, the course of its proceedings. But what can one do when the Respondants choose __NOT__! To Respond? And while the administrative process gives the prison (PBSP) the opportunity to correct their own errors, they, (PBSP) fail to answer the Plaintiff's complaints. The Plaintiff feels that the Respondant are flagrantly abusing this or their appeals process, involving the complaintee to exhaust his administrative remedies, which brings discrimination into this picture. The Plaintiff believes that the Respondants are purposely trying to circumventing my appeals because I've now been transferred to CSP-SAC from Pelican Bay State Prison. In closing, it is the wish of the Plaintiff to have matter presented to a jury of his peers.

I hereby swear under the penalty of perjury that the foregoing is true and correct as I know them to be.

Signed: _Durell Courtney_    Date: 4-21-08